E. F. Klockenbrink, Jr., Respondent, v. St. Louis & Meramec River Railroad Company, Appellant.

St. Louis Court of Appeals, October 31, 1899.

1. **Negligence:** CONTRIBUTORY NEGLIGENCE: NOTICE TO DEFENDANT OF PLAINTIFF'S DANGER. In an action for damages based upon the negligence of defendant, the plaintiff should recover, notwithstanding his own negligence exposed him to the risk of injury if the injury of which he complains was more immediately caused by the omission of defendant, after having such notice of plaintiff's danger as would put a prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury.

2. ———: ———: ———. It is not necessary that the defendant should actually know of the danger to which plaintiff is exposed. It is enough if, having sufficient notice to put a prudent man on the alert, he does not take such precautions as a prudent man would take under similar notice.

3. ———: ———: ———: PROXIMATE CAUSE OF INJURY. The party who has the last opportunity of avoiding accident, is not excused by the negligence of any one else. His negligence, and not that of the one first in fault, is the sole proximate cause of the injury.

4. **Instructions.** It is not error to refuse to give an instruction when the same proposition of law has been stated to the jury in other instructions in an explicit and direct manner.

5. ———: PRACTICE, TRIAL: EVIDENCE: PLEADINGS. While it is proper for the trial court to define the legal effect of evidence relied upon as a ground of recovery or as a complete defense to an action, the reason for that rule does not apply when the evidence upon which the court is requested to pass, is not, of itself and disconnected with other evidence, sufficient to warrant a recovery or to sustain a defense.

6. ———: EVIDENCE: JURY MUST PASS ON FACTS OF NEGLIGENCE AS TO RATE OF SPEED OF CAR. Whether the rate of speed at which a car is run, at any particular time, is an excessive or reckless rate of speed is a question for the jury, from the evidence bearing upon the rate at which it was actually run.

Appeal from St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*McKeighan, Barclay & Watts,* and *Robt. A. Hoeland* for appellant.

(1) If plaintiff's negligence "directly contributed to produce the injury," he can not recover; and the trial court erred in declaring a different rule of law by the tenth instruction to the jury. It is only where plaintiff's negligence is "previous" or "remote" or "secondary" that the principle illustrated by Davies v. Mann, 10 M. & W. 546, becomes applicable. The law is positive, in Missouri and elsewhere, that where plaintiff's negligence directly contributes to his injury he can not recover. 7 Am. and Eng. Ency. of Law [2 Ed.], 373; Moore v. Transit Co., 126 Mo. 278; Adams v. Ferry Co., 27 Mo. 95; Karle v. Railroad, 55 Mo. 476; Brown v. Comrs., 9 New S. Wales (L. R.) 92; Devine v. Railroad, 88 N. Y. St. 256. (2) The learned circuit court erred in refusing defendant's tenth request for instruction that the speed of the car was not negligence prior to the time when the motorman might have discovered the vehicle on the track by the use of ordinary care on his part. No such speed as was shown in this case is negligence in the absence of municipal or other valid limitation thereof. Maher v. Railroad, 64 Mo. 267; Powell v. Railroad, 75 Mo. 80; Young v. Railroad, 79 Mo. 336.

*R. P. Williams* for respondent.

(1) The contributory negligence of plaintiff becomes immaterial, if the defendant could have avoided doing plaintiff injury by the exercise of ordinary care. Cooney v. Railway, 2 Mo. App. Rep. 646; Bunyon v. Railroad, 127 Mo. 12; Hanlan v. Railroad, 104 Mo. 389; Fielder v. Railroad, 107

Mo. 645; Hicks v. Railroad, 124 Mo. 115. (2) Instructions 7 and 10 given by the court of its own motion, and instruction 3 given upon the motion or request of plaintiff, and instruction 9 given upon request of the defendant all taken together, submitted every question to the jury, which the defendant was entitled to have submitted, including that of the contributory negligence of the plaintiff. Rhine v. Railroad, 88 Mo. 396; Maher v. Railroad, 64 Mo. 267; Bergman v. Railroad, 88 Mo. 678; Kellney v. Railroad, 101 Mo. 67. (3) Whether or not the rate of speed at which a car is run is so excessive and reckless as to constitute negligence is a question for the jury, to be determined by all the attendant facts and surrounding circumstances. Taylor v. Railroad, 83 Mo. 390; Stepp v. Railroad, 85 Mo. 234; Pryor v. Railroad, 69 Mo. 215; Duffy v. Railroad, 19 Mo. App. 388.

BOND, J.—This suit is for personal injuries sustained by plaintiff while driving two horses hitched to a wagon in an eastwardly direction over Lockwood avenue, when a car belonging to defendant and moving over its tracks in the same direction with plaintiff overtook and collided with his wagon and team, it being alleged as the ground of defendant's negligence that its car was going with unusual and negligent speed, and that its servants, after seeing the peril of plaintiff and his property, had full opportunity "to stop said car before striking or running into said wagon."

The defense was a general denial and a plea of negligence on the part of plaintiff directly contributing to his injuries. There was a verdict and judgment for $1,500 in favor of plaintiff, from which defendant appealed to this court.

(1) Appellant complains of the overruling of its demurrer to the evidence, of certain instructions given at respondent's request and of the court's own motion, and of the refusal of instructions requested by it.

Taking these assignments of error in order, the first

question to determine is the correctness of the action of the
court in refusing to withdraw the case from the jury at the
close of the entire evidence.  For defendant, not standing on
its demurrer to the evidence interposed at the close of plain-
tiff's case, but when that was overruled having adduced its
defensive testimony, is not entitled to question the submission
of the case to the jury, unless it appears from all the evidence
given at the trial that the jury were not at liberty to infer the
facts essential to a right of recovery for the cause of action set
forth in the petition.

There was evidence which tended to show that on a night
in July, 1898, the respondent with his stake wagon and team
was returning to this city from a delivery of goods which he
had been employed to make in the town of Kirkwood; that he
entered upon a street known as Lockwood avenue, over which
defendant's street car track was laid, at the top of a hill adown
which the road extended about 1,800 feet when it met another
acclivity; that he had completed the descent of the first hill and
had ascended about 200 feet upon the second hill when his
team and wagon was struck by a car coming from the rear;
that at the time of the accident plaintiff was driving eastwardly,
two wheels of his wagon and one horse being within the rails,
and the other side of his wagon and remaining horse being out-
side and between the south rail of the track and a curb line,
which was about twelve feet distant; that within the space be-
tween the south line of the track and the said curb line tele-
phone poles had been set so near the rail that plaintiff could
not pass between the telephone poles and the passageway over
the car tracks without coming within reach of the projection
of a car if one should pass while he was avoiding the post; that
about 45 feet in the rear, plaintiff was followed by a buggy
containing three men; that on account of being of less breadth
than the wagon the buggy was being driven outside of the
rails of the track; that the car of defendant descended the hill
behind these two vehicles at a rapid rate of speed, variously

estimated from 15 or 18 to 20 or 25 miles per hour; that plaintiff neither observed nor heard the approach of this car, that when it got within 40 or 50 feet of the intervening buggy, that vehicle was plainly visible to the motorman, at which time the reach of the rays of the headlight of the car would also have disclosed to an observant person objects on the track as far distant as plaintiff's wagon. There was also evidence that the motorman did not attempt, by the application of the brakes or turning off the power, to control or stop the speed of the car, but that he passed the buggy at unchecked speed and with his right hand hanging idly at his side, and was at the time engaged in talking to a person in the front door of the car; that after striking plaintiff's wagon the momentum of the car was so great that it was carried about 100 feet beyond the point of collision. There was evidence that the car might have been stopped, by the means at the command of the motorman, within ninety feet after the use of such methods.

The foregoing testimony was susceptible of the following logical deductions:

First. That the presence of plaintiff, together with his wagon and team, on the tracks of the defendant's car line at the time of the accident was the result of negligence on plaintiff's part. Secondly. That the fact of such negligence and the risk to which it had exposed plaintiff became known, or by ordinary care would have become known, to the motorman in charge of defendant's car in time to have enabled him to prevent any injury, by ordinary care in the use of the means provided for controlling or stopping the movement of the car. Thirdly. That the motorman despite such knowledge, or opportunity of knowledge, made no effort to prevent a collision between his car and the wagon of plaintiff. Fourthly. That the immediate cause of the injuries consequent upon such collision was the neglect on the part of defendant's representative to use the means at his command to arrest or stop the car.

As the jury had the right to draw each of the foregoing inferences and to reject all others, as well as all the testimony adduced of a contrary import, it follows that when the demurrer to the evidence was presented at the close of the trial it was properly overruled, provided the foregoing propositions of fact constitute a legal basis for a recovery in this action. Their sufficiency in this respect can be questioned on one ground only, which is, that a finding in favor of the truth of said propositions would also imply a necessary finding that plaintiff's own negligence directly contributed to his injuries. We can not coucur in that view. As to the effect of plaintiff's negligence in preventing a recovery in a case like the present, a text book of high authority states the rule as follows: "But furthermore, the plaintiff should recover, notwithstanding his own negligence exposed him to the risk of injury, if the injury of which he complains was more immediately caused by the omission of the defendant, after having such notice of the plaintiff's danger as would put a prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury. It is not necessary that the defendant should actually know of the danger to which the plaintiff is exposed. It is enough if, having sufficient notice to put a prudent man on the alert, he does not take such precautions as a prudent man would take under similar notice. This rule is almost universally accepted." 1 Shearman & Redfield on the Law of Negligence [5 Ed.], section 99. In referring to the ground of the doctrine of the above quotation it is also said with felicitous terseness: "That principle is that the party who has the last opportunity of avoiding accident, is not excused by the negligence of any one else. His negligence, and not that of the one first in fault, is the sole proximate cause of the injury." Shearman & Redfield on the Law of Negligence, section 99, *supra*; Radley v. Northwestern R. R. L. R., 1 App. Cas. 754; Inland Coasting Co. v. Tolson, 139 U. S. 551-558; Grand Trunk R. R. Company v. Ives, 144 U. S. 408-429; Thompson

v. Salt Lake Rapid Transit Co., 40 L. R. Annotated, 172; Pickett v. Wilmington & W. R. Co., 30 L. R. Annotated, 257; Whittaker-Smith on Negligence, side pages 374, 375; Morrisey v. Wiggins Ferry Co., 43 Mo. 380; Woerner v. Railroad, 81 Mo. 374; Bergman v. Railway, 88 Mo. 678; Donohoe v. Railroad, 91 Mo. loc. cit. 365; Dunkman v. Railway, 95 Mo. loc. cit. 244; Kellny v. Railway, 101 Mo. 67; Hanlon v. Railroad, 104 Mo. loc. cit. 389-391; Fielder v. Railroad, 107 Mo. 645; Czezewzka v. Benton-Bellfontaine R'y Co., 121 Mo. 201; Bunyan v. Railway, 127 Mo. 12; Watson v. Railway, 133 Mo. 246; Schmidt v. St. Louis Railroad, 50 S. W. Rep. 921. When the reason thus given is clearly grasped it will be seen that the rule requiring him who has the last chance to avoi." an injury to another, to exercise ordinary care in averting such injury, does not contradict any of the principles of law which forbid a recovery for injuries immediately caused by the negligence of the sufferer. For it can not be said that one's negligence is the next or proximate cause of an injury to him, if, notwithstanding such negligence, the injury could only have happened by the intervening negligence of another person. In such a case the last act of negligence is necessarily the efficient and immediate cause of the injury, since without it there would have been no injury. To hold otherwise is to deny the inseparable connection between an adequate cause and its immediate effect. It is clear, therefore, that the principle upon which the rule in question is founded does not conflict with the doctrine that one can not recover for injuries which are negligently self-inflicted. The principle itself is also the logical result of axioms justly applicable to the well being of social life. The law dictates constant observance of due care by all persons in the exercise of those rights and privileges which may be attended with danger to others, hence it does not release one from the obligation to continue this duty because of its cessation by another. Such a notion might be deduced from the *lex talionis* domin-

ant in a savage state of society, but it can derive no support from the rules of conduct prescribed by a system of laws based on justice and humanity; nor is it congenial to a state of society vitalized by christianity and enlightened by culture. The standards erected by these forces do not permit the fault of one to justify the wrongdoing of another, nor do they afford immunity for injuries which might have been averted by prudence because the victim has carelessly exposed himself to such a happening. The potentiality of the evidence adduced on the trial embraced a case within the principles supported by the foregoing precedents, as well as the views herein expressed, hence there was no error in the refusal by the trial court of the peremptory instruction requested by appellant.

(2)   Appellant complains of the refusal of the court to give an instruction requested by it to the effect that if plaintiff's own negligence "directly contributed to bringing about the collision" there could be no recovery. The proposition of law contained in this instruction is correct, and it would have been error on the part of the court to have refused it, except for the fact that in the other instructions given for respondent and of the court's motion and at the instance of appellant, the same proposition of law was stated to the jury in the explicit and legal sense which the previous discussion shows it bears.

(3)   It is next insisted that the court erred in refusing appellant's request to direct the jury that the failure to ring the bell would not authorize a recovery. The petition does not allege negligence in that respect. Appellant adduced positive evidence that the bell was continuously rung by its motorman prior to the time of the accident. The tendency of the evidence for respondent on this subject was negative merely and was not objected to when introduced. While it is proper for the trial court to define the legal effect of evidence relied upon as a ground of recovery or as a complete defense to an action, the reason for that rule does not apply when the evidence, upon which the court is requested to pass, is not, of

itself and disconnected with other evidence, sufficient to warrant a recovery or to sustain a defense. In the latter cases the court is often justified in refusing such requests in order not to distract the jury from the real issues submitted by the pleadings, and also to avoid the mischief of commenting on isolated portions of the testimony. Under the circumstances attending the introduction of the evidence in question, and in view of the further fact that neither by his pleadings, nor instructions, did respondent submit any issue as to the ringing of the bell, there is no reasonable probability that the jury went outside of the issues submitted to them—supported as they were by ample testimony—and based their verdict solely upon the theory that the bell was not rung. The evidence as to this was relevant as bearing on the degree of care exercised by appellant's representative just prior to the injuries suffered by respondent, but there was no occasion for the court to except testimony on this point from its logical relationship to the other circumstances bearing on the question of ordinary care on the part of the motorman, and specially warn the jury that the non-ringing of the bell would not authorize a recovery.

(4) Appellant also complains of the refusal of an instruction requested by it to the effect that if the rate of speed of its car was so great that it could not have been stopped in time to avert the collision after respondent and his vehicle might have been discovered by ordinary care on the part of its motorman, then a verdict should be returned for appellant. The fault in this instruction is that it assumed the car was not run at a negligent rate of speed. "While it may be true that an unusual rate of speed is not negligence *per se*, it has never been held by this court that a train may not be run at such an excessive and reckless rate of speed as to constitute negligence. Whether the rate of speed at which a train is run, at any particular time, is of this character, is a question for the jury, from the evience bearing upon the rate at which it

was actually run." This is the rule laid down by the supreme court in Taylor v. Railway, 83 Mo. loc. cit. 390. We, therefore, hold that the trial court did not err in leaving the jury free under the evidence in this case to pass upon the character of the speed of the car.

(5) As to the instructions given for respondent, of which appellant complains, it is sufficient to say that they were in consonance with the principles affirmed in this opinion.

Finding no reversible error in the judgment in this case, it is affirmed. All concur.