JAMES McANDREW, Respondent, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

88    97
95   ¹738
99   ¹371

St. Louis Court of Appeals, March 26, 1901.

1. **Personal Injuries:** CONTRIBUTORY NEGLIGENCE: LIABILITY OF ROAD, WHEN. Although plaintiff went upon the street in a manner making him chargeable with negligence that contributed to his injuries, yet, if the company could have, in the exercise of ordinary care, avoided injuring him by the use of the means and appliances then at hand, it is liable.

2. ———: ———: DECISION IN MORGAN V. WABASH RAILWAY CASE, 159 MO. 262 MUST CONTROL. Recently, the Supreme Court held that, notwithstanding the primary negligence of plaintiff, yet he may recover for injuries proximately caused to him by the secondary negligence of the carrier, if the carrier in the exercise of reasonable care could have avoided such injuries.

3. ———: ———: SANDERS V. RAILWAY, 147 MO. 411, QUALIFIED. It is immaterial whether railroad companies accept ordinances or not, enacted for the public good; they will be held to have had notice of same, and responsible for the injuries caused by their violation.

Appeal from St. Louis City Circuit Court.—*Hon. Rudolph Hirzel,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

This is the second appeal in this case, the judgment on the former appeal being reported in 83 Mo. App. 233. It was tried, after being remanded, on the same pleadings and sub-

Vol 88 app—7

stantially the same evidence adduced on the first trial.

The petition alleges in substance that the plaintiff, who was a teamster, was lawfully driving his team and wagon along one of the streets of the city of St. Louis, over which defendant had a right of way for the operation of its street railway, and that on account of the carelessness of the persons in charge of one of its cars, the same ran into and collided with plaintiff's wagon, inflicting damage upon his property and injury to his person; that in bringing about such collision, the persons handling defendant's car totally disregarded a valid ordinance of this city, requiring them to keep a vigilant lookout for the appearance in front of such cars of persons or vehicles, and upon the indication of danger to stop the car within the shortest time and space possible.

The answer was a general denial, and a plea of contributory negligence.

The evidence on the first trial is set out in the opinion on the former appeal—83 Mo. App. 233, supra. Its general trend indicates that the plaintiff drove upon the track of defendant in order to pass wagons on the public street upon which it was laid, and that he did not observe proper care thereafter in looking for the approach of cars from his rear.   But there was also evidence tending to prove that he was observed by the motorman of defendant's car, or by reasonable diligence could have been observed, at such a distance ahead of the train that the motorman in charge of the car might have avoided the accident, by ordinary diligence after he had discovered, or might have discovered, the plaintiff in a position of peril.   As to whether any signals were given of the approach of the train by the persons in charge, the evidence is conflicting; that for the plaintiff indicating that no warning by sounding the gong or otherwise was given to him of the approach of the train until it struck his wagon; that for the defendant being of a contrary tendency.

There was a verdict and judgment for $500, from which defendant has again appealed to this court.

*McKeighan, Barclay & Watts* and *R. A. Holland, Jr.,* for appellant.

Where the plaintiff's negligence directly contributes to his injury, defendant is not liable even though also guilty of negligence. This has become perfectly settled law in this State. Hogan v. Railway, 150 Mo. 36. It has often been declared by courts of last resort that if plaintiff's conduct directly contributes to the casualty of which he complains, it is wholly immaterial whether or not defendant has also been negligent. That rule has never been more stringently applied than in cases where a party, driving on a public street or road, attempts to cross a railway track without looking and listening for cars thereon. That is the very kind of negligence admitted by the plaintiff here. Hayden v. Railroad, 124 Mo. 566; Kelsay v. Railroad, 129 Mo. 362; Henze v. Railroad, 71 Mo. 636; Turner v. Railroad, 74 Mo. 602; Hixon v. Railroad, 80 Mo. 335; Lane v. Railroad, 132 Mo. 4; Drake v. Railroad, 51 Mo. App. 562.

*A. R. Taylor* for respondent.

This inhuman doctrine has not yet received the approval of any appellate court in this State. But, on the contrary, our courts have consistently held, as in this case, that though a person, through want of care, places himself in a situation of peril from another, yet if that other, by obeying its legal duty, discovers the peril of the erring unfortunate one in time to avert inflicting injury upon him by the exercise of the degree of care exacted by the law, and neglects to do so, the injured person may recover, notwithstanding his prior negligence in

getting into a place of peril.    That such is the law of this State, we cite the following cases from the Supreme Court of this State:   Reardon v. Railroad, 114 Mo. 406; Chamberlain v. Railroad, 133 Mo. 601; Morgan v. Railroad, 159 Mo. 262.   An ordinance, enacted for the public good, binds railroads whether accepted or not.   Jackson v. Railroad, 157 Mo. 621.

BOND, J.—It is insisted "that on the undisputed facts the trial judge should have declared the plaintiff was not entitled to recover."   We are unable to sustain this view.   In addition to the authorities cited for a contrary judgment when the case was before us on the former appeal, we have now a decision of the Supreme Court in Banc, fully committing that tribunal to the conclusion then reached by us.   In the case of Morgan v. Wabash R'y Co., 159 Mo. 262, from the two following propositions the Supreme Court deduced a conclusion of the liability of the defendant railway company.   The first proposition, in the language of the writer of that opinion, is, to-wit:   "There can be no doubt, under the evidence, that the death of the plaintiff's husband resulted from the negligence of the defendant's servants in charge of the train, and the negligence of the deceased himself contributing  thereto." Secondly, in the language of the same judge, to-wit:   "But conceding the contributory negligence of the plaintiff's husband, we advance to the consideration of the question, is the defendant liable upon the ground that it failed to use the means at its hands to save the man, when by the exercise of ordinary care it would have discovered his peril in time to have done so ?" The decision which the court arrived at from the two foregoing premises, contains as complete and explicit an announcement of the rule that, notwithstanding his primary negligence, a plaintiff may recover for injuries proximately *caused* to him

by the secondary negligence of the carrier, as can be found in any of the decisions of the courts of last resort and text-writers, where the same doctrine has been expressed with almost practical unanimity.

The reasons for the adherence of this court to the general doctrine on this subject have been given by us in the case of Klockenbrink v. Meramec R'y Co., 81 Mo. App. 351, and cases cited, and need not again be restated.

It follows that a critical and able analysis by appellant's counsel of some of the previous rulings of the Supreme Court of this State (Hogan v. R'y, 150 Mo. 36, and cases cited), tending to support its contention, can not be accepted by us in view of the *later* controlling expression of the views of that body, in accord with our own previous holding, set forth by the opinion in Banc in the case of Morgan v. Wabash R'y Co., supra.

II.    When this case was here on the former appeal, we reversed it for the failure of the plaintiff to prove that the ordinance, whose violation by the defendant was claimed as one of the elements of negligence in the case, had not been shown to have been accepted by the defendant, following in our ruling the case of Sanders v. Southern Electric R'y Co., 147 Mo. 411, which was at that time the latest utterance of the Supreme Court on that subject.    Our attention is now called to the fact that the Supreme Court, since our decision, seemed to have announced a contrary doctrine to that held in the Sanders case, by the ruling made in Jackson v. R'y, 157 Mo. 621.    But, however this may be, on the present trial there was sufficient evidence showing the acceptance of the ordinance in question. The case, therefore, seems to have been tried in conformity to our views expressed on the former appeal and without the intervention of legal error.

The judgment herein is affirmed.    All concur.