## E. S. HAMILTON v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

### Division One, May 31, 1913.

1. **APPELLATE JURISDICTION: Constitutional Question: Decided After Appeal.** Where the constitutional question raised by appellant was decided after the appeal was taken, the Supreme Court will retain jurisdiction, though it would not have jurisdiction had not such question been lodged in the case, and though it would not take jurisdiction if the question had been decided before the appeal was taken.

2. **NEGLIGENCE: Ejecting Intoxicated Passenger: At Safe Place.** The putting off of a train of a passenger, intoxicated but not to the point of stupefaction, not because he refused to pay fare or for any misbehavior but because he had been carried beyond his destination, at a place where he was not exposed to any dangers which would not beset one in his condition elsewhere, and who, realizing his condition, called a lad to help him cross a long railroad bridge and then walked a mile along the track towards another station, and was there struck by a train, was not such negligence as entitled his widow to recover for his death.

3. ————: **Humanitarian Rule: Necessary Elements.** Unless there is proof that the defendant was guilty of negligence and that such negligence was the proximate cause of the injury, there can be no recovery under the humanitarian doctrine. Where the body of deceased was found on a fenced railroad track, and, while the track was occasionally used by pedestrians when the streams crossing the public road were swollen, there is no evidence that defendant licensed this use by pedestrians of its track and had no reason to expect persons to be lawfully thereon, and deceased, in a half-intoxicated condition, after having at about nine o'clock at night been put off of a train, attempted to walk to the next station, and something after eleven o'clock was struck by a train, there being no evidence that he was seen at any time by any of the train men, his widow cannot recover. The law does not make it the duty of a railroad to maintain a lookout for trespassers on its track. No duty to avoid injuring them arises until they are actually seen.

4. ————: ————: ————: **Linking Negligence With Injury: Inference Upon Inference.** Nor can there be any recovery if there is no evidence linking the negligence of defendant with the death of plaintiff's husband. Two trains passed the point of accident about eleven o'clock at night and deceased's body was

found next morning in such a condition as to justify the infer-
ence that he had been struck by a train, and there being no evi-
dence from which it can be inferred that he was seen on the
track in a position of peril and at a distance sufficient to permit
the stopping of the train, there can be no recovery. A second
inference cannot be rested upon a first.

Appeal from Newton Circuit Court.—*Hon. F. C.
Johnston*, Judge.

REVERSED.

*S. W. Moore, Cyrus Crane* and *O. L. Cravens* for
appellant.

The demurrer to the evidence tendered by defend-
ant should have been sustained. (1) Deceased's death
was not the proximate cause of his alleged negligent
expulsion, but it happened while he was a trespasser
and there is no proof whatever of any of the circum-
stances attending the accident. Hughes v. Railroad,
67 S. W. (Ky.) 984; Gwyn v. Railroad, 155 Fed. 88;
Brown v. Railroad, 103 Ky. 211; Railroad v. Logan, 88
Ky. 232; Gaulkler v. Railroad, 130 Mich. 166; Roseman
v. Railroad, 112 S. C. 709, 19 L. R. A. 327; Railroad v.
Bryant, 72 S. W. (Tex.) 885; Dobney v. Railroad, 140
Ill. App. 269; Railroad v. Valleley, 32 Ohio St. 345;
Henry v. Railroad, 76 Mo. 288; Logan v. Railroad, 96
Mo. App. 461; Warner v. Railroad, 178 Mo. 125; Veatch
v. Railroad, 145 Mo. App. 232; Davis v. Railroad, 155
Mo. App. 317; Pennel v. Railroad, 153 Mo. App. 566;
Koegel v. Railroad, 181 Mo. 379; Cahill v. Railroad, 205
Mo. 393; Ginnichio v. Railroad, 155 Mo. App. 163; Ries
v. Transit Co., 179 Mo. 1; Moore v. Railroad, 176 Mo.
528; Engleking v. Railroad, 187 Mo. 158; Hufft v. Rail-
road, 222 Mo. 301. (2) Deceased's contributory negli-
gence bars plaintiff. Payne v. Railroad, 155 Fed. 76;
Yarnall v. Railroad, 75 Mo. 575; Ayers v. Railroad, 190
Mo. 228; Trigg v. Transit Co., 215 Mo. 521; Murphy v.
Railroad, 228 Mo. 83; Frye v. Railroad, 200 Mo. 377;

Morgan v. Railroad, 196 Fed. 449; McGanley v. Transit Co., 179 Mo. 583. (3) The humanitarian rule does not apply because deceased was a trespasser. Frye v. Railroad, 200 Mo. 377; Yarnall v. Railroad, 75 Mo. 575; White on Per. Inj. on Railroads, sec. 873; Ervin v. Railroad, 158 Mo. App. 1; Koegel v. Railroad, 181 Mo. 396; Hyde v. Railroad, 110 Mo. 272; Pulley v. Railroad, 94 Iowa, 567; Engleking v. Railroad, 187 Mo. 158; Beiser v. Railroad, 92 S. W. (Ky.) 928; Hamlin v. Railroad, 37 Wash. 448. (4) The humanitarian rule does not obtain in this case because there is no proof of unity of time, place and public use of the track. Chamberlin v. Railroad, 133 Mo. 587; Ahnefeld v. Railroad, 212 Mo. 300; Green v. Railroad, 211 Mo. 44; Ayers v. Railroad, 190 Mo. 228; Frye v. Railroad, 200 Mo. 401; Trigg v. Transit Co., 215 Mo. 521; Epstein v. Railroad, 197 Mo. 720.

*R. M. Sheppard, Hugh Dabbs* and *J. A. Sturgis* for respondent.

(1) The petition alleged, the testimony proved, and the jury found that deceased, at the time he was taken from appellant's train, was so intoxicated as to be unable to take care of himself, and was left by appellant's agents in such a place and under such circumstances as to expose him to unnecessary peril, and that by reason of this, he was run over by one of appellant's trains and killed. Under these circumstances, the proximate cause of Hamilton's death was appellant's negligence, and the question as to whether or not deceased was a trespasser on appellant's track does not enter into the case. Phillips v. Railroad, 211 Mo. 419; Sullivan v. Railroad, 81 Ky. 624, 50 Am. Rep. 186; Haug v. Railroad, 42 L. R. A. 667; Brown v. Railroad, 51 Iowa, 235; Weber v. Railroad, 33 Kan. 543; Connolly v. Railroad, 3 L. R. A. 133; Railroad v. Johnson, 108 Ala. 62, 31 L. R. A. 372; Turner v. Railroad, 60 Ala. 621;

Gill v. Railroad, 37 Hun, 107; Atkinson v. Railroad, 90 Mo. App. 489; Ellis v. Railroad, 97 Ky. 330; Harless v. Railroad, 123 Mo. App. 22; 6 Cyc. 563; Wood on Railway Law, secs. 363-364; 4 Elliott on Railroads, sec. 1637; 3 Thompson on Negligence, sec. 2740. (2) The evidence in the case shows that deceased was not a trespasser, but a licensee, and that he was injured at a place where the law made it the duty of those in charge of appellant's trains to keep a lookout for persons on the track. The court, therefore, properly submitted the case to the jury under instruction number two given for plaintiff. Murphy v. Railroad, 228 Mo. 82; Bunyan v. Railroad, 127 Mo. 12; Woods v. Railroad, 188 Mo. 12; Fears v. Railroad, 180 Mo. 208; Riggs v. Railroad, 216 Mo. 389; Morgan v. Railroad, 159 Mo. 250; Dutcher v. Railroad, 241 Mo. 137; Clark v. Railroad, 242 Mo. 596; Kelley v. Railroad, 101 Mo. 74.

## STATEMENT BY THE COURT.

The plaintiff is the widow of W. J. Hamilton and sues for injuries causing his death in two counts: (1st), That defendant negligently ejected him from its train while a passenger thereon and in such a state of intoxication as to be unable to care for his own safety at a place which was known by defendant to be dangerous; (2nd), That her husband was killed at a point on the track of defendant midway between the station of Lanagan and the flag station of Madge or Elk Springs, where its track was commonly used as a pathway and when defendant was under the duty to look out for persons so using it, and where he was killed by the negligent failure to stop the train after he could have been seen on its track at a sufficient distance to have stopped the train if that duty had been observed.

The answer was a general denial and plea of contributory negligence and of the unconstitutionality of the statute sued upon.

The evidence for the plaintiff was that her husband, while drunk, became a passenger on defendant's road at Neosho, about seven o'clock p. m., June 15, 1908; that his ticket read to Lanagan, a town south of Neosho; that after he had passed his point of destination, he was assisted from the train at a flag station, two and a half miles farther south, known as Madge or Elk Springs. It was about nine o'clock when the train reached this point. There was a post office there, but no ticket office; five or six families lived there, but there was no hotel or boarding house. Plaintiff's husband, although drunk at the time, applied to one of the residents, Mr. Kinney, for the services of his son to conduct him across a railroad bridge, eight hundred feet long and situated about two hundred and fifty feet north of the town. This lad returned after he had performed the service, and the plaintiff's husband was not thereafter seen until his body was discovered next morning on the east side of defendant's track about one mile from the flag station, or half way between it and Lanagan. The body gave evidence that the deceased had been struck and killed by a passing train. Only two trains passed that point on that night—one a freight at eleven p. m.; the other a passenger at eleven: forty-five p. m. There was no evidence which of the trains caused the death of plaintiff's husband. When discovered on the morning of June 16th, his body was lying at a spot two hundred yards north of a ten-degree curve in defendant's road and which would have been visible to a person on the lookout of a northbound train at a greater distance than two hundred yards. There was a country road between Elk Springs and Lanagan which crossed several streams, some of which were not fordable at the time of the accident. Many persons used the railroad track and bridge in going from Elk Springs to Lanagan. The defendant's evidence negatived any knowledge of the accident and tended to show

that its track was fenced and trespassers were warned not to use it.

At the conclusion of the trial, the jury returned a verdict for $5000. Defendant moved for judgment, notwithstanding the verdict, on the ground that the statute under which this action is brought, after its amendment in 1905, was violative of the Federal and State Constitutions, in certain respects pointed out in its answer in this cause, for which reason defendant prosecuted its appeal to this court, where it complains of the refusal of the trial court to sustain its demurrers to the evidence and the giving and refusing instructions and other matters, which, if necessary, will be adverted to in the opinion.

## OPINION.

BOND, J. (After stating the facts as above).

I. The constitutional question raised in the answer touching the validity of the Damage Act as now amended has been decided since this appeal was taken contrary to the position of appellant. [Burge v. Railroad, 244 Mo. 76.] Hence, we retain jurisdiction of the case, which we would not do had the above decision been rendered at the time the case was appealed. [Taylor v. Railroad, 207 Mo. l. c. 499.]

Constitutional Question.

II. The questions decisive of this appeal are, whether under the testimony of respondent and the legitimate inference arising therefrom, there could be any recovery on either of the grounds alleged in her petition. The deceased was not ejected from the train for refusing to pay fare or any misbehavior whilst a passenger. He was simply put off at a flag station beyond the point of his intended destination because he had failed to leave when it arrived there. He was not left

Ejecting Drunken Passenger.

at a place where he could not have secured accommodation, as far as the record shows, nor where he was exposed to any dangers which would not beset a man in his condition elsewhere. Indeed, had he been left in a traffic-crowded thoroughfare of a city, he might have been exposed to greater peril than at the quiet flag station where he was landed. He met with no mishap incident to the place where he disembarked. He realized his condition and hired a young person to conduct him across a bridge of the railroad whose track he desired to follow until he reached Lanagan. It is indisputable that he had traveled this track for a mile or more before he was injured. Under these facts, no cause of action arose in favor of his widow for his being left at the flag station, for the reason that it was not a place necessarily dangerous to an intoxicated person, nor was he injured by any peril to which he was exposed there. The case clearly does not fall within the rule stated in the authorities quoted by learned counsel for respondent, to the effect that "when the carrier discovers that one helpless from intoxication is upon its train without right, it must, in selecting a safe place to put him off, have regard to his actual condition, physical and mental, without any reference to his responsibility for such condition." [Haug v. Railroad. 42 L. R, A. 669; 4 Elliott on Railroads (2 Ed.), sec. 1637.] The case of Phillips v. Railroad, 211 Mo. 419, cited for respondent, is not analogous. There the railway had agreed to treat a demented passenger for his ailment whom it brought from Springfield to St. Louis for that purpose, and with full knowledge of his condition turned him loose upon the streets of that city, unattended and with no notice to his family. He laid down, undressed, on a street car line, and was killed by one of its trains. It was correctly ruled, that the case thus made should have gone to the jury, under the doctrine that the carrier was "liable for such injuries as would reasonably be expected to follow from such negligence

and not from mere remote contingencies." [*Ibid.*, p. 442.] In the case at bar, the plaintiff's husband was not demented nor drunk to stupefaction. He was able to hire a guide and walk over the railroad bridge and a a mile of its track. He was aware of his condition. He made no effort to stay at the houses of any of the residents of the flag station, but at nine o'clock at night began a journey of two miles to the town of Lanagan, which he had passed on the train; and, after accomplishing half the distance, in some manner, wholly undisclosed by the evidence, he was killed by a passing train. It is evident he was not injured by any cause existing or located where he got off the train.

Our conclusion is that on the first count of the petition no case was made for the jury.

III. Neither can we perceive any room for the application of the last clear-chance doctrine relied upon in the second count of the petition. That **Trespasser on Track.** doctrine is predicable upon the opportunity to avoid injury to another who negligently or otherwise is placed in a position of peril. [Bennett v. Railroad, 242 Mo. 125; Klockenbrink v. Railroad, 81 Mo. App. 351, and cases cited; same case, 172 Mo. l. c. 687.] Unless there is proof (1) that the party sought to be charged was guilty of negligence, and (2) that such negligence was the proximate cause of the injury, no recovery can be had. In the present case the spot where the body of the deceased was found was on the fenced track of the defendant's railroad. That the whole track between Elk Springs and Lanagan was occasionally used by pedestrians for their convenience or when the country road was difficult on account of freshets, is shown by the proof; but there is no evidence that the defendant licensed this use of its tracks or had any reason to expect any persons, other than trespassers, to be on the track at the spot where the

deceased was killed. The law does not make it the duty of a railroad to maintain a lookout for trespassers on its tracks. If such persons are actually seen, the carrier must exercise due care to avoid injuring them; but until they are observed, no duty arises. This record is wholly barren of any evidence tending to show that the deceased was actually visualized by any servant of the defendant prior to the accident, hence there is no proof of negligence on the part of defendant in connection with the injury.

Moreover, the plaintiff is barred from any recovery in this case for another reason, which is that there is no evidence whatever linking the negligence of defendant (had there been any) with the death of plaintiff's husband. His body was found on the morning after two trains had traversed the track he **Linking Negligence With Injury.** was last seen to be walking on. Hence, it is legitimately inferable that he was struck by the train, but it is not legitimately inferable from any fact proven that he was seen or seeable on the track in a position of peril and at a distance sufficient to permit the stoppage of the train. Such an inference is wholly unsupported by any fact proven in the record. The only way it could be deduced would be by basing it on the *inference* of his being killed by the train; or, in other words, resting a second inference upon a first inference. This is not permissible. [Glick v. Railroad, 57 Mo. App. l. c. 104, and cases cited.]

In order to bring the case within the theory of the last clear-chance doctrine, it is necessary that there should be evidence, positive or inferential, that the deceased was upon the track, lying, standing or sitting for a time prior to the injury sufficiently long for actual or constructive sight by the persons in charge of the train and when it was at a distance sufficiently great to permit it to be stopped before striking him. There is no evidence whatever in the record from which these

facts can be legitimately inferred. And as they cannot rest upon a prior inference that he was killed by the train arising upon proof of the position of his body and the blood stains on the track, there is nothing in the case by which they can be established.

The rule is elementary that inferences cannot be piled upon each other but every inference must be a rational deduction from a fact or facts in proof. And while it is true that there may be a concatenation of any number of inferences in a given case, each of these must rest on its own facts and no one can be based upon another or a preceding inference.

It follows that even if there had been a duty imposed on defendant to be on the lookout for the presence of the deceased on its enclosed track, and had it failed to observe that duty, still there is nothing in the proof adduced on the trial which shows that the injury to plaintiff's husband was proximately caused by such negligence, for there is no legitimate inference that the deceased was on the track for any definite period of time before he was struck. We conclude that no recovery should have been allowed on the second count of the petition, and that the trial court erred in overruling the demurrer of the defendant to the evidence. The judgment is reversed. All concur.