JOHN SHANKS, Appellant, v. SPRINGFIELD TRACTION COMPANY, Respondent.

**St. Louis Court of Appeals, April 28, 1903.**

1. **Railway, Street: PERSONAL INJURY: CONTRIBUTORY NEG-LIGENCE.** Plaintiff, who was deaf, was undoubtedly guilty of negligence in walking on the car track without looking back frequently to see if a car was coming.

2. ———: ———: ———: **QUESTION OF PROXIMATE CAUSE OF INJURY, FOR JURY.** Plaintiff was deaf and was walking along the track of defendant's street railway when a car approached him from behind, the motorman making no effort to check the car until he was within ten or fifteen feet of plaintiff, although he rang the bell, and at about the time he began to check the car, called to him. The track was straight, and the motorman able to see plaintiff a long distance ahead. *Held*, that, though plaintiff was guilty of contributory negligence in walking upon the track, there was a question for the jury as to whether the motorman was not guilty of negligence proximately causing the injury, in failing sooner to check the car after he became aware of plaintiff's dangerous situation.

3. ———: ———: ———: **HUMANE DOCTRINE AND CONTRIBUTORY NEGLIGENCE, RECONCILABLE.** The "last chance or humane doctrine" is reconcilable with that of contributory negligence only when the defendant, by the exercise of ordinary care, could save the negligent plaintiff after such negligence on his part had ceased.

4. ———: ———: **CONTRIBUTORY NEGLIGENCE: WILLFUL CONDUCT OF DEFENDANT.** Defendant may be liable notwithstanding plaintiff's contributory negligence that continued until he was hurt, on the theory that it willfully declined to save plaintiff when it could have done so by the exercise of reasonable care.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville, Judge.*

REVERSED AND REMANDED.

*Wright Bros.* for appellant.

(1)   The motorman's duty required watchfulness on his part.   Gebhart v. Transit Co., S. W. Rep., Feb. 4, 1903, page 450; Bunyan v. Railroad, 127 Mo. 12, and authorities cited; Seun v. Railroad, 108 Mo. 142; Schmidt v. Railroad, 163 Mo. 652; Hutchinson v. Railroad, 88 Mo. App. 376.   (2)   The motorman should have placed the car under control immediately when he discovered plaintiff was heedless of the signal given by sound of the bell.   No sign was given by plaintiff of heeding.   "Something had occurred."   Plaintiff was oblivious to danger.   Chamberlain v. Railroad, 133 Mo. 587; Morgan v. Railroad, 159 Mo. 263.   (3)   When the motorman saw plaintiff in a position of peril he could not assume that plaintiff would move out of the way.   Stock v. Transit Co., 71 S. W. 732.   (4)   The car could have been stopped before striking plaintiff. No effort was made to check the car until within fifteen or twenty feet of plaintiff and it stopped within ten feet after the collision.   The motorman saw plaintiff when as much as two hundred and fifty or three hundred feet north of him and was in view continuously.   The car could have been stopped as well ten or fifteen feet north. Stock v. Transit Co., supra; Edwards v. Railroad, 94 Mo. App. 36-41.   (5)   The court should have allowed the case to go to the jury.   There was substantial evidence of negligence on the part of defendant, and no evidence of contributory negligence on the part of plaintiff.   This is a matter not in the province of the court to decide.   McNown v. Railroad, 55 Mo. App. 585; Baird v. Railroad, 146 Mo. 265; Klockenbrink v. Riv. Co., 81 Mo. App. 351.

*Benj. U. Massey* and *T. J. Delaney* for respondent.

The motorman had a right to assume that plaintiff, an adult, walking along the track, apparently in

the full possession of all his faculties, would hear the signals of approaching cars and heed them in ample time to step off the track, and it was not his duty to stop the car or check it because such pedestrian does not immediately leave the track upon first signal, unless first signal is given when car is so close as to make position of pedestrian dangerous, or unless there is something in the demeanor of the man to indicate that he is oblivious of the car's approach, or unless there are surroundings apparent to motorman which are distracting or which might distract pedestrian's attention. Malloy v. Railroad, 84 Mo. 270; Zimmerman v. Railroad, 71 Mo. 467; Purl v. Railroad, 72 Mo. 168; Yancey v. Railroad, 93 Mo. 433; Boyd v. Railroad, 105 Mo. 371; Smith v. Railroad, 52 Mo. App. 36; Millinery Co. v. Railroad, 89 Mo. App. 668; Conrad Grocer Co. v. Railroad, 89 Mo. App. 534; Caldwell v. Railroad, 58 Mo. App. 453; Weaver v. Railroad, 60 Mo. App. 207; Bunyan v. Railroad, 127 Mo. 12; Riley v. Railroad, 68 Mo. App. 661; Rine v. Railroad, 88 Mo. 392; Jackson v. Railroad, 157 Mo. 621.

GOODE, J.—Plaintiff was struck by a car of the defendant company, while walking along its track, and injured, and this action was brought to obtain the consequent damages.

The negligence charged is that after the employees who were operating the car saw, or, by the exercise of reasonable care and diligence, could have seen the dangerous position of plaintiff, his imminent peril, and that he was unaware of the approach of the car, they failed to use the brake and other appliances provided to stop it and instead, recklessly, negligently and wantonly ran against the plaintiff.

Besides a general denial, the answer pleads that the accident was due solely to the negligence of plaintiff in walking on the track of the defendant in front of a moving car; that the servant of the defendant rang

the bell to warn plaintiff and called out to him, that plaintiff did not hear the warning, and as he did not get off the track, the motorman made every effort to stop the car, shut off the power and turned on the brake, but as the rails were wet could not stop it in time to avoid striking plaintiff.

Shanks is deaf. The day he was hurt the walks were sloppy and the walking was better on the car track in the middle of the street; so he and other pedestrians left the sidewalks and went on the track. He had walked there about one hundred and sixty yards when the car struck him. The accident happened in the city of Springfield near noon on February 22, 1902.

Dr. J. R. Boyd who witnessed it, testified that the bell was ringing and the motorman shouted to plaintiff, who could not hear the warning; the motorman called out when he was about ten or fifteen feet away from plaintiff and was then putting on the brake; snow was on the ground but the track was clear, dry and in nice condition; the street was straight and one could see down it quite a distance.

Another witness testified that the motorman began to put on the brake at the time he called to Shanks, ten or fifteen feet away; he began ringing the bell when one hundred feet away.

The testimony of W. W. Hayden tended to show that on South street, where the accident occurred, a person could see several hundred feet ahead.

At the conclusion of the plaintiff's testimony the court gave an instruction to the jury to return a verdict for the defendant.

Plaintiff was undoubtedly guilty of negligence in walking on the car track when he was deaf, without looking back frequently to see if a car was coming; but in view of the recent decisions on the last-chance doctrine, it was for the jury to say whether the motorman discerned that plaintiff was likely to remain on the

track and in danger of being run over, soon enough to stop the car before it overtook the plaintiff.

Ordinarily a motorman or locomotive engineer is justified in assuming that a person on a railway track will hear a warning bell or whistle and step aside in time to escape harm from an approaching car or train. But measures must be taken to save an individual in that situation as soon as his behavior, or any other circumstance, signifies that he is oblivious of the danger and can not be aroused in time to save himself, or that he is conscious of the danger but unable to save himself. Tartt v. Railroad, 99 Fed. 369. As to just when it becomes the duty of a motorman or engineer to begin to put his car or engine under control, is the essential question in every such case and is commonly one for the jury to answer; as is the further question of whether that duty was performed with reasonable diligence.

Shanks was visible to the motorman of the car which struck him a long distance ahead, and his inattention to the warning bell must have been observed. The motorman probably acted on the supposition that Shanks heard the bell and would get off the track, until it was too late to prevent a collision. Different minds might well draw different inferences as to whether or not the motorman was negligent in so behaving, and whether by ordinary care he might have prevented the casualty despite plaintiff's negligence. Consequently there were issues of fact for the jury to decide. Baird v. Railroad, 146 Mo. 265; Railroad v. Jones, 144 U. S. 408; Railroad Co. v. Hellenthal, 88 Fed. 116.

If the latest decisions of our Supreme Court, in cases involving the last-chance or humane rule, have not restricted the scope and application of the doctrine of contributory negligence, they have unquestionably held that on such facts as we have here it is for the jury to say whether the collision could have been avoided by reasonable exertion on the part of the motorman, notwithstanding the plaintiff's fault. Morgan v. Railroad,

159 Mo. 262; Klockenbrink v. Railroad, 81 Mo. App. 351, 72 S. W. 900; Hutchinson v. Railroad, 88 Mo. App. 376; Cooney v. Railroad, 80 Mo. App. 226; Conrad Grocer Co. v. Railroad, 89 Mo. App. 391; Noll v. Transit Co., 100 Mo. App. 367. See also Robinson v. Railroad, 112 Fed. 484; Hayes v. Railroad, 100 Fed. 48; Railroad Co. v. Whitcomb, 66 Fed. 915; Rassieur v. Railroad, 90 Mich. 413; Swade v. Railroad, 93 Cal. 179. The principle of those decisions discards the rule that the concurring or contributory negligence of a plaintiff, who was the victim of an accident, necessarily and always bars his action for damages.

The last-chance or humane doctrine can be reconciled with that of contributory negligence by applying it only when the defendant had a clear chance to save the careless plaintiff after the latter's negligence had ceased; as if one carelessly steps on a railroad track and falls in a swoon while a train is approaching, which may be stopped after he falls and before it reaches him. Railroad v. Sympkins, 54 Tex. 615. If a party's negligence continued until he was hurt or until it was too late to avoid hurting him, his right to recover must depend on the willfulness instead of the neglect of the defendant or, in actions founded on collisions, there must be an exception allowed to the rule that contributory negligence is a defense. The Supreme Court of the United States seems to unqualifiedly allow the exception, as appears by its statement of the rule in Railroad Co. v. Ives, 144 U. S. 408, 429—a crossing accident in which the plaintiff was negligent:

"Without going into a discussion of these definitions, or even attempting to collate them, it will be sufficient for present purposes to say that the generally accepted and most reasonable rule of law applicable to actions in which the defense is contributory negligence may be thus stated: Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury can not be

maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured; subject to this qualification, which has grown up in recent years (having first been enunciated in Davies v. Mann, 10 M. & W. 546), that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of ordinary care and prudence, have avoided the consequences of the injured party's negligence.''

To the same purport are Donohue v. Railroad, 91 Mo. 357, a crossing case, and other Missouri cases supra, where the plaintiffs were negligently traveling on railway tracks; Baltimore, etc., Ry. v. Hellenthal, 88 Fed. Rep. 116; Baltimore, etc., Ry. v. Anderson, 85 Fed. 413; Louisville Ry. Co. v. East Tenn., etc., Ry. Co. 993; Coasting Co. v. Tolson, 139 U. S. 551, and numerous precedents of the highest authority.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.