JERSEY FARM DAIRY COMPANY, Respondent, v.
ST. LOUIS TRANSIT COMPANY, Appellant..

**St. Louis Court of Appeals, December 1, 1903.**

1. **STREET RAILWAYS: Negligence: Duty of Motorman.** Where,
   in an action for injuries caused by a collision with a street car,
   the evidence of the plaintiff tends to show that the motor car
   which caused the injury approached from the rear, sounding
   no gong, and that plaintiff's wagon could have been seen a
   block away in time to have slackened the speed so as to avoid
   the collision, a nonsuit will not be ordered.

2. ————: **Instructions: Sounding Gong.** In an action for in-
   juries caused by a rear-end collision of a motor car with plain-
   tiff's wagon, it is error to instruct the jury that the plaintiff
   is entitled to recover if, while he was driving along or attempt-
   ing to leave the track, the motorman saw, or by the exercise
   of ordinary care could have seen, the wagon upon the track
   in time to warn the plaintiff and enable him to leave the track,
   or in time to bring his said car to a stop, before a collision, by
   the use of ordinary skill and diligence, without the further
   hypothesis that the motorman did not warn the plaintiff of his
   approach, that is, that the motorman not only had time to warn
   him, but failed to do so, and such failure was the proximate
   cause of the injury.

Appeal from St. Louis City Circuit Court.—*Hon. J. R.
Kinealy,* Judge.

REVERSED AND REMANDED.

*Sears Lehmann* with *Geo. W. Easley* for appellant:

(1)   The court erred in giving instruction No. 1 for
the plaintiff.   This instruction singles out certain facts
and tells the jury if they find these facts to be true, then
as a matter of law, they shall find for the plaintiff.
Such instructions are erroneous.   Chappell v. Allen, 38
Mo. 213; Rose v. Spies, 44 Mo. 20; Bank v. Currie, 44

Mo. 91; Meyer v. Railroad, 45 Mo. 137; Koenig v. Life Assn., 3 Mo. App. 596; Schaffer v. Lealy, 21 Mo. App. 110. (2) An instruction which ignores a defense on which there is some evidence is erroneous. Laughlin v. Gerardi, 67 Mo. App. 372; Cameron v. Hart, 57 Mo. App. 142; Carroll v. Railroad, 60 Mo. App. 465; Maltman v. Harris, 65 Mo. App. 127; Sheedy v. Streeter, 70 Mo. 679; Hoffman v. Parry, 23 Mo. App. 20; Hohstadt v. Daggs, 50 Mo. App. 240; Wood Medicine Co. v. Bobbst, 56 Mo. App. 427; Clark v. Hammerle, 27 Mo. 55; Sawyer v. Railroad, 37 Mo. 240; Hayner v. Churchill, 29 Mo. App. 276; Griffith v. Conway, 45 Mo. App. 574.

GOODE, J.—Action for injuries to a team of horses, harness, wagon and contents of the wagon caused by a rear-end collision with an electric car. While plaintiff's employee, John Walton, was driving one of plaintiff's milk wagons on November 24, 1902, the wagon was hit by a car of the Transit Company. It was about five o'clock of a drizzly morning that the accident occurred. Walton had driven north on Eleventh street to Chouteau avenue, turned west on Chouteau to Twelfth street, then again north on Twelfth intending to leave that street and go west on Gratiot. He had reached Gratiot street and was in the act of turning into it when the car hit the wagon behind, inflicting the damages complained of in this case and knocking Walton, the driver, into unconsciousness. Walton's testimony is that he was driving partly on and partly off the north track in a trot; that twenty feet back of where he was struck he looked to the rear before he turned westward, to see if a car was coming but saw no car, and as he was turning west the crash came. Three passengers on the car testified they heard no gong nor any sound of brakes prior to the collision; that the car was going at a moderate speed—five or six miles an hour. It stopped immediately after hitting the wagon, which was then

faced west; the morning was dark and rainy, but a wagon could be seen easily a block away.

The motorman testified he followed the same route Walton had, running west to Chouteau and then north on Twelfth; that his speed was six miles an hour and the grade downward; that he could see about a block ahead; saw the wagon of the dairy company as soon as he turned into Twelfth street; it was then five feet outside the track on the right hand; when the car drew near, the team and wagon turned westward and crossed the track; that he immediately rang his bell, applied the brake and reversed the power, but was unable to stop the car before it crashed into the vehicle.

We can order no nonsuit in this case as the defendant insists we should; for, accepting the testimony for the plaintiff as true, the wagon was visible the length of the block on the same track the car was running on, and the motorman might have stopped or slackened speed and thus have avoided the collision. Klockenbrink v. Railroad, 81 Mo. App. 351; Shanks v. Traction Co., 101 Mo. App. 702, 74 S. W. 386; Nolle v. Transit Co., 100 Mo. App. 367, 73 S. W. 907. The circuit court did right to submit the case to the jury; but erred, we think, in this instruction given at the instance of plaintiff:

"If the jury find and believe from the evidence that a car of defendant in charge of one of its motormen, ran into a wagon of plaintiff, while the driver of said wagon was driving along Twelfth street and partly in defendant's car track or while he was attempting to leave said track with his team, the jury will return a verdict for plaintiff, provided the jury further find and believe from the evidence that the motorman saw, or by the exercise of ordinary care and diligence could have seen, the wagon upon the track in time to have warned said driver and enabled him to drive his team off, or in time to have brought said car to a stop before a collision, by the use of such skill, diligence and care as a person of ordinary prudence would exercise under the

same circumstances, and that the driver of plaintiff's wagon was at the time exercising a like degree of care to avoid a collision.''

It will be seen that the foregoing instruction authorized a verdict for the plaintiff if the jury found the motorman, by the exercise of reasonable care, could have noticed the wagon in time to warn the driver and enable the latter to drive off, or in time to stop his car before a collision.

The first hypothesis was, to say the least, incomplete. It is not enough to justify a recovery that the motorman saw, or could have seen, the wagon on the track in time to warn the driver; but it must appear that he did not warn him. That is to say, the motorman must not only have had time to sound the warning, but must have neglected to do so, and the neglect must have been the proximate cause of the accident. The better way to give the charge is to leave it to the jury to say whether the defendant's servant was guilty of failing to clang the gong or give warning by whatever means he could, and whether that negligent omission was the proximate cause of the catastrophe.

It is to be remarked, further, that said instruction conflicted with two given for the defendant which told the jury, in effect, that the defendant was not liable if its servants in charge of the car, as soon as they saw, or might have seen, plaintiff's wagon in a position of danger, used such care as a person of ordinary prudence would have used, in like circumstances, to stop the car. The instructions given for the defendant accepted the theory that the only ground of recovery was failure to stop the car as soon as possible after seeing the vehicle in an exposed condition; while plaintiff's instructions hypothecated also a failure to give warning of the approach of the car.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.