FREYMARK, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, February 21, 1905.

1. **STREET RAILWAYS: Contributory Negligence: Personal Injuries.** In an action for injuries received by collision with a street car, contributory negligence debarring plaintiff's recovery cannot be conclusively imputed to plaintiff in attempting to pass over the street car track, in broad daylight, on which a car was approaching at a distance of a block and a half.

2. **PRACTICE: Statements of Plaintiff.** While it is proper to instruct the jury that the statements made by plaintiff, against his interest, in an action for personal injuries, are to be treated as absolutely true, the refusal of such an instruction would not warrant a reversal of the case otherwise devoid of error.

3. ———: **Instruction: Ground Covered.** In an action for personal injuries received in consequence of the negligence of the defendant, the refusal of an instruction authorizing the jury to find for the defendant in case the plaintiff was guilty of negligence which contributed directly to his injury, is not error where the instructions given cover the issue of contributory negligence.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *George W. Easley* for appellant.

(1) The demurrers to the plaintiff's evidence and to all the evidence should have been sustained because it is shown conclusively that plaintiff could have seen and heard the approach of the car, had he looked and listened, and, by the exercise of ordinary care, could have avoided the collision. He was guilty of such negligence as bars his recovery. Moore v. Railway, 176 Mo. 528, 75 S. W. 672; Petty v. Railroad, 179 Mo. 667, 78 S. W. 1003; Guyer v. Railway, 174 Mo. 344, 73 S. W. 584; Barrie v. Transit Co., 102 Mo. App. 87, 76 S. W. 706; Van Bach v. Railway, 171 Mo. 338, 71 S. W. 358; Hook v. Railroad, 162 Mo. 569, 63 S. W. 360; Tanner v. Railroad, 161 Mo. 497, 61 S. W. 826; Holwerson v. Railway, 157 Mo. 216, 57 S. W. 770; Jackson v. Railway, 157 Mo. 621, 58 S. W. 32; Kries v. Railroad, 148 Mo. 321, 49 S. W. 877. (2) The demurrers should have been sustained, because there was no evidence that the car could have been stopped in time to have avoided the accident; neither was there any evidence to show in what distance the car could have been stopped. 'Zurfluh v. Railway, 46 Mo. App. 636; McGauley v. Transit Co., 79 S. W. 461; Molyneux v. Railway, 81 Mo. App. 25; Hanselman v. Railway, 88 Mo. App. 123; Roenfeldt v. Railway, 79 S. W. 706; Cogan v. Railway, 101 Mo. App. 179, 73 S. W. 738. (3) The demurrers to the evidence should have been sustained, because plaintiff was driving his wagon at a slow walk across the track, and when he observed that the car could not be stopped,

it was his duty to urge his horse into a position of safety, which could have been very readily done, and thus have avoided injury to himself. Having the last fair chance of averting the collision, his negligence in not doing so bars recovery. White v. Railway, 84 Mo. App. 411; Skipton v. Railway, 82 Mo. App. 134; Klockenbrink v. Railway, 81 Mo. App. 351; Meyers v. Transit Co., 99 Mo. App. 363, 73 S. W. 379.

T. Percy Carr and Kurt von Reppert for respondent.

(1) The court properly submitted the case to the jury on the evidence. Murray v. Transit Co., 83 S. W. 995; Union Biscuit Co. v. Transit Co., 83 S. W. 288; Kellny v. Railroad, 101 Mo. 75, 13 S. W. 806; Klockenbrink v. Railroad, 172 Mo. 687, 72 S. W. 900; Clamberlain v. Railroad, 133 Mo. 587, 33 S. W. 437, 34 S. W. 842; Fiedler v. Railroad, 107 Mo. 645, 18 S. W. 847; Morgan v. Railroad, 159 Mo. 262, 60 S. W. 195; Sinclair v. Railroad, 133 Mo. 233, 34 S. W. 76; Fearons v. Railroad, 79 S. W. 394; Kreis v. Railroad, 131 Mo. 544, 33 S. W. 64, 1150; Dairy Co. v. Transit Co., 77 S. W. 436; Priesmeyer v. Transit Co., 77 S. W. 313; Baxter v. Transit Co., 78 S. W. 71. (2) (a) The last chance or humanitarian doctrine constitutes an exception to the general rule governing contributory negligence. Hanlon v. Railroad, 104 Mo. 389, 16 S. W. 233; Dlanhi v. Railroad, 129 Mo. 296, 40 S. W. 890; Scullin v. Railroad, 83 S. W. Rep. 760; Jett v. Railroad, 178 Mo. 673, 77 S. W. 738; Shanks v. Transit Co., 101 Mo. App. 707, 74 S. W. 386. (b) Said instruction numbered 7 was also erroneous in submitting to the jury a broad and general issue of contributory negligence, while the issue tendered by the answer was an allegation of a specific act of contributory negligence. Chitty v. Railroad, 148 Mo. 75, 49 S. W. 868; Waldhier v. Railroad, 71 Mo. 514;

McCarty v. Hotel Co., 144 Mo. 397, 46 S. W. 172; Mc-Manamee v. Railroad, 135 Mo. 440, 37 S. W. 119; Schneider v. Railroad, 75 Mo. 295; Ravenscraft v. Railroad, 27 Mo. App. 617; Jacquin v. Cable Co., 57 Mo. App. 320; Ebens v. Railroad, 72 Mo. 212; Pryor v. Railroad, 85 Mo. App. 367; Harrison v. Railroad, 74 Mo. 304; Curtis v. McNair, 173 Mo. 292, 73 S. W. 167.

BLAND, P. J.—Plaintiff herein recovered judgment for $500 in an action for personal injuries sustained by him and for damages to his wagon from a collision with one of defendant's cars; after prefatory allegations, the cause of action was thus set forth:

"That the plaintiff on the third day of December, 1902, was the owner of the laundry wagon, horse and harness mentioned herein; that on said day, at about 10:25 a. m., and while he was driving across defendant's track near a place known as 3739 Finney avenue in the city of St. Louis in a northeastwardly direction, defendant's agent in charge of defendant's west-bound car so carelessly and negligently managed and controlled said car as to cause and suffer the same to collide with plaintiff's wagon, causing said wagon to be broken up, the harness to be torn, and plaintiff to be thrown off from the seat of his wagon and injured about the head, the right eye, demolishing two teeth, spraining his back, paralyzing his right leg, and caused to spit blood. Plaintiff says that by reason of said injuries he suffered great pain, both in mind and body; that he was for a long time hindered and prevented from attending to his affairs and business and had to hire help and will have to continue to do so indefinitely; that he has and will expend large sums of money for medicine and medical attention and that he has received permanent injuries, and, furthermore, the said wagon and harness were so broken up and torn that he was caused to and did expend large sums of money for the repairs

of same.    That Finney Avenue at said place is an open public highway."

In defense defendant pleaded a general denial and contributory negligence in the following form:

"And for another and further answer and defense to plaintiff's petition defendant says that the injuries received by plaintiff were the result of his own carelessness and negligence in driving upon defendant's track in front of an approaching car and so close to the same as to render it impossible for the motorman in charge of said car, by the use of all the means and appliances at his command to stop the same in time to avoid the collision complained of."

A general denial in reply completed the issues.

Finney avenue extends eastwardly and westwardly and is intersected respectively by Grand avenue, where the buildings begin to be numbered 3600, Spring avenue 3700 and Krum avenue 3800; defendant maintains on Finney avenue a south track for east-bound cars and a north track for west-bound cars.    Plaintiff testified that on the morning of December 3, 1902, at about 10:30, he was driving a single-horse, covered, laundry wagon eastwardly on the south side of Finney avenue between the south track and the pavement, midway between Spring and Krum avenues; having a customer at number 3739 Finney avenue, he purposed crossing to that number; when he started to turn his horse, which was moving slowly at a walk, the car which struck his wagon was at Grand avenue, a block and a half east. His effort to cross in safety failed, the car was at great speed and unchecked, striking the right hind wheel of the wagon and producing injurious results described. The appellant quotes from and emphasizes the individual testimony of plaintiff, here reproduced, as follows:

"By the Court:    When you saw the car first which way were you driving?    A.    Driving east.

"Q. Coming up toward Grand avenue? A. Yes, sir.

"Q. You saw the car ahead of you? A. Yes, sir.

"Q. Which is the right side? A. South side.

"Q. You were on the south side of the street first? A. Yes, sir.

"Q. When you saw the car? A. Yes, sir.

"Q. Then you did cross the street? A. Yes, sir.

"Q. To which side? A. Toward the north.

"Q. Still coming toward Grand avenue? A. I made a pretty short turn across.

"Q. Where was the car in the meantime? A. It was coming down.

"Q. Did you see it coming? A. Yes, sir, I saw it. I had a vestibule in front of my wagon and I couldn't see the car all the time, I had the intention to cross and I saw the car way up there; it must have been on Grand avenue."

The plaintiff was corroborated by other witnesses, who observed the accident, that the colliding car was far distant, one affirming that it was discharging passengers at Grand avenue, when he drove northward to cross the track and all that it approached with great velocity and at unabated speed. The plaintiff was in full, unobstructed view of the motorman and plainly visible from the moment the car turned west from Grand avenue; the motorman might have lessened speed if necessary to avoid striking the wagon, and the responsibility for the accident was properly submitted for the determination of the jury, and nonsuit by imperative instruction asked by defendant rightfully denied. Contributory negligence debarring his recovery can not be conclusively imputed to a wagon driver who attempts to pass over a street car track in broad daylight on which the approaching car was so far removed as the testimony here located defendant's car. Moritz v. Transit

Co., 77 S. W. 477, 102 Mo. App. 657; Linder v. Id., 77 S. W. 997, 103 Mo. App. 574; Dairy Co. v. Id., 77 S. W. 346, 103 Mo. App. 90; Schafstette v. Id., 74 S. W. 826.

(2)   Defendant tendered an instruction embodying the direction to the jury that any statements made by the plaintiff were to be taken and treated as absolutely true, which the court struck out and gave thus modified. In Feary v. Railroad, 162 Mo. 75, 62 S. W. 452, the Supreme Court approved an instruction given in this case containing the like direction, that the statements of plaintiff against his own interest imported unqualified verity; but we are unaware of any authority proceeding to the length that the omission or declination of such instruction without more, would warrant reversal of a case otherwise devoid of error, and in this case consideration of such latter proposition is not enforced on this court and, therefore, not determined.

The court refused the following instruction asked by defendant:

"The jurors are instructed that if you believe and find from the evidence that the negligence of the plaintiff contributed directly to his injury, in whole, or in part, you will find for the defendant, although you may believe from the evidence that the defendant's servants were also guilty of negligence."

The court submitted the issue of contributory negligence by the following appropriate instructions:

"2.   The jurors are instructed that it was the duty of the plaintiff before driving on, or across, the track of the defendant, to look and listen for approaching cars; and if you find and believe from the evidence that plaintiff failed so to do, and that by looking and listening he could have seen or heard the approaching car of defendant in time to have kept off the track and averted the injury to himself, then you must find a verdict for the defendant unless you further believe and find from the evidence that defendant's servants in charge of said car, after they saw, or by the exercise of ordinary care

might have seen, that plaintiff was in or intended to place himself or wagon in a position of peril, failed to use such care and caution in stopping said car to avoid injury to plaintiff as a person of ordinary care and prudence would have exercised under the same or similar circumstances.

"3.  The jurors are instructed that negligence cannot be presumed, and the burden of proof is upon the plaintiff to establish by a preponderance or greater weight of the evidence the facts necessary to a verdict in his favor under these instructions.

"And the jurors are further instructed that while the burden of proof is upon the defendant to prove the contributory negligence of the plaintiff alleged, yet this does not relieve the plaintiff from proving by the preponderance or greater weight of the evidence that the injuries alleged and complained of were caused solely by the negligence of the defendant's servants in charge of said car.  That burden remains upon the plaintiff throughout the entire case, and if the jurors believe and find from the evidence that the alleged injuries were caused by plaintiff driving in front of said car so close that the motorman in charge thereof was unable by the use of ordinary care to stop the same in time to avoid the collision, or if you believe that the alleged injuries were caused by the combined or concurring negligence of the plaintiff and defendant's said servants in the particulars set out in these instructions, or if you believe that the alleged injuries were due to an accident or misadventure for which neither party is responsible, then the plaintiff is not entitled to recover and your verdict must be for the defendant."

After giving the above instructions for defendant, there was no occasion for giving the refused one, and defendant's contention that the court erred in refusing to submit the issues of contributory negligence is wholly without merit.

Discovering no reversible error in the record, the judgment is affirmed.     *

All concur.