# EMILIA GRICUS v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

In Banc, February 9, 1922.

1. **NEGLIGENCE: Extent of Injuries: Exclusion of Cumulative Testimony for Plaintiff: New Trial.** Where the real contest at the trial was upon the question whether plaintiff, a passenger on a street car, was injured at all in its collision with another and the verdict for defendant really means that she was not, it is error to grant a new trial on the ground of the exclusion of testimony for her which was merely cumulative evidence on the amount of damage she suffered. So that where the petition alleged the injuries suffered by plaintiff were bruises and contusions upon the hip, side and back, a straining of the muscles of the back, bruises and straining of the spinal column, and a miscarriage, which induced nervous shock, headaches and insomnia, the exclusion of testimony by her physician that two days after the collision she complained of a "bearing down sensation" was not such error as authorized the granting of a new trial, in view of the fact that the physician further testified that she complained of pain in the side, head and back, and followed with a detailed statement of what he determined to be her condition as disclosed by his examination, and found therefrom considerable tenderness over the back, that she was very nervous and suffering very much; that he discovered this from manipulation, from which she shrank and gave indications of pain; that she told him of suffering bearing down pains, and fully testified concerning the evidence of a miscarriage and its effects, and in view of the further fact that the jury by its verdict in effect found that she had suffered no injury at all through any fault of defendant, since the testimony excluded was merely cumulative evidence upon the amount of damage suffered, and the nature of the injury did not tend to prove the cause of action.

2. ——: ——: **Evidence: Generalization.** It is not error to exclude the testimony of a physician that he found the plaintiff "in a very bad shape," it being a generalization, and the witness being later permitted to give all the details of her condition as he found it and upon which he based the statement.

3. ——: ——: ——: **Conclusion.** It is not error to exclude the statement of a witness that the plaintiff, claiming to have been injured in the collision of street cars, "couldn't get up," and that she asked plaintiff "to stand up and she couldn't," the testimony

being a conclusion, and the witness subsequently testifying to all the relevant facts relating to the question whether plaintiff could get up.

4. ——— : ——— : ——— : ——— : **No Offer to Prove.** It is not error to exclude the answer of a witness to a question whether plaintiff "needed assistance in getting up the steps" at her home when she arrived there after the collision of the street cars, in which she, a passenger on one of them, claimed to have been injured, the answer calling for a conclusion and the fact that assistance was actually given being subsequently let in, and no offer to show what answer would have been given having been made.

5. ——— : ——— : ——— : ——— : **Harmless Exclusion: Condition of Health.** It is not prejudicial error to exclude the testimony of a witness that prior to the date of the alleged injury plaintiff "was always well," the witness subsequently being permitted to testify that she had seen plaintiff "most every day" and never knew her to be sick.

6. ——— : ——— : ——— : ——— : **Exclusion and Subsequent Admission.** The exclusion of the statement of a witness that the impact of the collision of the street cars was sufficient to throw her against plaintiff, where the question did not call for the answer, and where, in answer to a proper question, she was allowed to testify to the same thing, was not error.

7. ——— : ——— : ——— : ——— : ——— : **Appearance.** The answer "very poor" to a question, "What do you say as to plaintiff's condition of apparent health and strength now?" was a conclusion, and its exclusion did not injure plaintiff where the witness was subsequently permitted to testify that plaintiff "appeared to be suffering and in a very weak condition."

8. ——— : ——— : **Cumulative Evidence: Miscarriage: Proximate Cause.** Where there was no real contest on the question whether plaintiff suffered a miscarriage, but the contest was upon the issue whether the miscarriage was the result of injuries received in the collision of street cars and whether her subsequent bad condition was a result of defendant's fault, and the jury found against her on that issue, the exclusion of testimony tending to show some of the particulars of a chronic condition was not error justifying a new trial, since the testimony tended to add to the evidence of damage already in, and the jury did not reach the question of damage at all.

9. ——— : ——— : **Irrelevant Evidence: Psychic Shock.** Where the petition specifically alleged certain physical injuries and that they produced a miscarriage, an inquiry by plaintiff's counsel, in the cross-examination of a physician who had examined plaintiff,

whether shock alone, without an injury, would produce a miscarriage, meaning psychic shock, which the physician had testified was a mental state produced by certain conditions, the exclusion of his answer was not erroneous, no effort being made to show the existence of the conditions that would produce a psychic shock, and no offer being made to show what the witness would say in answer to the question or what the true answer would be.

10. ———: ———: Instruction: No Evidence. The giving of an instruction for defendant telling the jury not to assess any damages for "any bruised back or any bruises of the spinal column," was not error, where, although the petition alleged that plaintiff had received such injuries, there was no evidence tending to prove the allegations, and plaintiff's own physician showed no such bruises.

Appeal from St. Louis City Circuit Court.—*Hon. John W. Calhoun*, Judge.

REVERSED AND REMANDED (*with directions*).

*Charles W. Bates* and *T. E. Francis* for appellant.

(1) The ruling of the court, rejecting evidence by plaintiff's physician concerning complaints of pain made to him by plaintiff, was not reversible error, for the reason that the witness was subsequently permitted to fully testify regarding his own knowledge of the pain suffered by plaintiff. Locke v. Independence, 192 Mo. 572; Roe v. Bank, 167 Mo. 421. (2) The court did not err in refusing to allow plaintiff's doctor to testify that "plaintiff was in very bad shape," for the reason that the testimony was a statement of a mere conclusion. Masterson v. Transit Co., 204 Mo. 522. Moreover, the witness was subsequently permitted to fully state the facts from which he drew the conclusion that plaintiff was "in bad shape," and this cured the error, if there were such. Locke v. Independence, 192 Mo. 572; Roe v. Bank, 167 Mo. 421. (3) The court did not err in refusing to permit plaintiff's doctor to testify that "her womb was still enlarged and she is suffering from all the effects of a chronic septicemic condition," or that "she is despondent and

it seems impossible for her to do any work," for the reason that this alleged condition was in the nature of special damages and was not pleaded nor shown to be the necessary result of the injuries pleaded.  Hall v. Coal & Coke Co., 260 Mo. 370.    (4)    The court did not err in refusing to allow Mrs. Burke to testify that, immediately after the collision, "plaintiff couldn't get up," for the reason that the testimony was a statement of a mere conclusion.  Masterson v. Transit Co., 204 Mo. 522.    (5)    Nor in refusing to allow Mrs. Burke to testify that, immediately after the collision, "witness asked plaintiff to stand up and she said she couldn't," for the reason that the testimony was hearsay.  Plaintiff's alleged statement, "that she couldn't stand up," was not a spontaneous exclamation of pain, so as to be admissible as part of the *res gestae,* within the rule announced in Lindsay v. Kansas City, 195 Mo. 180, but was *res inter alios acta* and hence inadmissible.  Moreover, the witness proceeded to testify that plaintiff was assisted to arise, from which the jury could draw the inference, instead of taking plaintiff's second-hand conclusion, that she was unable to get up unassisted, and hence the error, if any, was cured. Locke v. Independence, 192 Mo. 572; Roe v. Bank, 167 Mo. 421.    (6)    The court did not err in refusing to allow Mrs. Burke to answer the question, "Did she [plaintiff] need any assistance in getting up the step?" for the reason that the testimony would have been a statement of a mere conclusion.  Masterson v. Transit Co., 204 Mo. 522.  Moreover, the witness was subsequently permitted to tell what she did toward giving plaintiff assistance, and this cured the error, if there were such. Locke v. Independence, 192 Mo. 572; Roe v. Bank, 167 Mo. 421.  In addition to this, the ruling is not reviewable, for the reason that plaintiff made no tender of proof. Powell v. Railroad, 255 Mo. 446.    (7)    The court did not err in refusing to allow Mrs. Burke to testify "that plaintiff was always well," prior to the collision, for the reason that the testimony was the statement of a mere conclusion.    (8)    The court did not err in sus-

taining the objection to the question propounded, in cross-examination, to Dr. Pritchard, a witness for defendant, as to whether or not a shock can cause a miscarriage, for the reason that the petition pleads that plaintiff suffered a miscarriage as a result of certain injuries specifically pleaded, of which shock is not one. Hall v. Coal & Coke Co., 260 Mo. 370; Degonia v. Railroad, 224 Mo. 600; State ex rel. v. Ellison, 176 S. W. 13; State ex rel v. Ellison, 270 Mo. 651. (9) In view of the fact that the jury found, on conflicting evidence, that defendant was not liable, the exclusion of evidence offered by plaintiff, which related merely to the nature and extent of her alleged injury, could not have been prejudicial to her, and hence the court erred in granting her a new trial on the ground that it had erroneously rejected evidence offered by her, even if it were true that such rulings were erroneous. Stark v. Pub. Knapp & Co., 160 Mo. 529, 550; Donaldson Bond Co. v. Houck, 213 Mo. 416, 441; Chapman v. Railroad, 240 Mo. 592, 601; Herman v. Railway Co., 144 Mo. App. 147; Hayden v. Gravel Co., 186 S. W. 1193; Schlaifer v. Railroad, 152 N. W. (Neb.) 370; Lewis v. Wallace, 82 So. (Ala.) 127; Oak Island Hotel v. Oak Island Grove Co., 165 Mass. 260; Laurens Tel. Co. v. Bank, 90 S. C. 50; Conant v. Jones, 120 Ga. 568; Carroll v. Boston Elev. Ry., 200 Mass. 527; Geary v. Stevenson, 169 Mass. 23; Fraser v. St. Ry. Co., 146 Cal. 717; McNeil v. St. Ry. Co., 123 N. E. 676.

*Hall & Dame* and *D. M. Robinson* for respondent.

(1) The trial court did not err in granting plaintiff a new trial on the ground that the court erred in excluding evidence touching representations made by plaintiff to Dr. Wolter concerning her pain and suffering. Greenleaf on Evidence (Lewis Ed.), sec. 102; McHugh v. Transit Co., 190 Mo. 95; Lindsay v. Kansas City, 195 Mo. 166; McMahon v. U. R. Co., 203 S. W. 500; Holloway v. Kansas City, 184 Mo. 38; Fellhauer v. Railroad, 191 Mo. App. 137. (2) The trial court did not err in grant-

ing plaintiff a new trial on the ground that the court erred in excluding evidence of Mrs. Burke concerning representations made by plaintiff to her concerning her pain and inability to get up immediately after the collision. Greenleaf on Evidence (Lewis Ed.), sec. 102; McHugh v. Transit Co., 190 Mo. 95; Lindsay v. Kansas City, 195 Mo. 181; McMahon v. U. R. Co., 203 S. W. 500; Holloway v. Kansas City, 184 Mo. 19, 38; Fellhauer v. Railroad, 191 Mo. App. 137. (3) The trial court did not err in granting plaintiff a new trial on the ground that the court erred in excluding evidence of plaintiff having received a shock as a result of the collision which caused a miscarriage. Hack v. Dady, 142 N. Y. App. 510; Purcell v. St. Paul Ry. Co., 48 Minn. 134; Coultus v. Victoria Ry. Co., 12 Vict. L. R. 895; Heiberger v. Tel. Co., 133 Mo. App. 452; Louisville & Nashville Railroad v. Roney, 127 S. W. 158. (4) As the trial court concluded the verdict was unjust, it had the right, and it was its duty, to grant a new trial, and the trial court should be encouraged in the performance of that duty by this court. Reid-Murdock & Co. v. Lloyd & Moorman, 61 Mo. App. 646; Rickroad v. Martin, 43 Mo. App. 597; McCarty v. Transit Co., 192 Mo. 396, 401; Devine v. St. Louis, 257 Mo. 470, 475; Taylor v. Gulf Ry. Co., 163 Mo. 183, 191; Lorenzen v. Railroad, 249 Mo. 182, 187; Iba v. Ry. Co., 172 Mo. App. 141. (5) The trial court did not err in granting plaintiff a new trial, and its order granting a new trial should, therefore, be affirmed, for the reason that it erred in giving Instruction 10 on behalf of defendant, since said instruction directed the jury that they must not assess any damages for any bruised back, or for any bruises of the spinal column. (a) Plaintiff's petition alleged her back and spinal column were bruised; (b) plaintiff testified that the collision bruised her back and her spinal column; and (c) Dr. Wolter testified that plaintiff's back was injured.

JAMES T. BLAIR, C. J.—This is an appeal from an order granting a new trial after verdict for defend-

ant in an action respondent brought for damages for injuries she alleges she received in a collision between two of appellant's cars, on one of which she was riding as a passenger. The injuries alleged are bruises and contusions upon the hip, side and back; a straining of the muscles and tendons of the back; bruises and a straining of the spinal column; and a miscarriage, which induced nervous shock, headaches and insomnia. There was evidence tending to prove respondent was, while a passenger, injured in a collision as alleged, and evidence to the contrary which tended to show that the impact of the collision was so slight that injury could not have resulted to respondent therefrom. There was also other evidence from which the jury might have found that the miscarriage alleged did not result from the collision. The jury found against respondent on the facts. The court sustained the motion for new trial on the ground that error had been committed in certain rulings excluding testimony.

In this court respondent contends the order should be sustained on the grounds assigned by the trial court, and also because of the refusal of Instruction 10 requested by her counsel.

I. A physician who attended respondent two days after the collision occurred testified she complained of pain in the side, back and head and of a "bearing down like sensation." Upon objection this testimony was stricken out. The witness followed this with a detailed statement of what he determined to be respondent's actual condition as disclosed by an examination he made. He said he made a very careful examination of her and found her very nervous and suffering very much; that there was a slight contusion on the left side and also on the left hip and considerable tenderness over the back; that he discovered this from manipulation; that she shrank and gave indications of pain when the parts were manipulated; that she told him of suffering bearing down pains,

*Exclusion of Cumulative Evidence.*

and he gave her morphine to ease that; that he took her word for her nervous condition and gave her a sedative. He also testified fully concerning the evidence of a miscarriage and its effects. Respondent also testified as to her injuries and sufferings.

The real contest in this case was upon the question whether respondent was injured at all in the collision in question. On the record it is not surprising that the jury found she was not. That is what the verdict means. Even if it were held that it was error to exclude complaints when the witness, a physician, who is offered to prove them, testifies that the conditions the complaints tend to prove did in fact actually exist and were disclosed to him in the course of a professional examination he made, yet the evidence was, in the circumstances, merely cumulative evidence of the amount of damage suffered, and its exclusion cannot be relied upon as error when the jury found that respondent suffered no injury at all through any fault of appellant. In some circumstances the nature of an injury may tend to prove the cause of action. [Orris v. Ry. Co., 279 Mo. 1; Hatchett v. United Rys. Co., 175 S. W. 878.] This is not such a case. The jury never reached the question of damages. [Stark v. Pub. Co., 160 Mo. l. c. 550; Hermann v. L. H. & P. Co., 144 Mo. App. l. c. 154; Hayden v. Gravel Co., 186 S. W. l. c. 1194, 1195.] Numerous decisions from other states which announce the same doctrine are cited by counsel. In the circumstances it appears the ruling referred to was in no way prejudicial to respondent.

The same principle applies to some of the rulings discussd in succeeding paragraphs.

II.   There was no error in excluding the physician's testimony that he found respondent "in a very bad shape." It was a generalization. The phy-

Generalization.

sician then gave all the details of respondent's condition as he found it and upon which he had based the excluded statement.

III. There was no error in excluding Mrs. Burke's statement that the reason she did not leave the car at once was because "Mrs. Gricus couldn't get up." This was merely a conclusion. The witness subsequently testified to all the relevant facts relating to the question whether respondent "could get up." The same ruling must be made as to the exclusion of Mrs. Burke's testimony that she asked respondent "to stand up and she said she couldn't." All the facts bearing upon the question whether she was able to get up were fully put before the jury. Nor was there error in excluding Mrs. Burke's answer to the question whether respondent "needed assistance in getting up the steps" at her home when she arrived there. It called for a conclusion. The fact that assistance was actually given was let in. Further, no offer to show what answer would have been given was made. What is said in paragraph I, supra, is applicable.

*Conclusion.*

IV. There was no prejudicial error in excluding Mrs. Burke's testimony that prior to the date of the alleged collision respondent "was always well." The witness subsequently was permitted to testify that she never knew respondent to be sick. She saw her "most every day." In another instance the statement of this same witness that the impact of the collision was sufficient to throw her against respondent was excluded. In the first place, the question asked her did not call for that comment. In the second, she was allowed, in answer to a proper question, to testify to the same thing.

*Rejection: Later Admission.*

V. Mrs. Carter was asked, "What would you say as to the condition of her [respondent's] apparent health and strength, now"? She answered, "Very poor." An objection to this was sustained. This was a conclusion of the witness concerning the then appearance of the respondent who was at the

*Apparent Health.*

time before the jury. She subsequently was allowed to testify that respondent "appeared to be suffering and in a very weak condition." Respondent was not injured by the ruling.

VI. There was no real contest upon the question whether respondent had suffered a miscarriage. The contest was rather upon the question whether the miscarriage was the result of injuries received in the collision. On this record on the evidence admitted there was ample evidence that respondent was in a bad condition following the collision of the cars. It is inconceivable that the jury could have found she was not. The question was whether that bad condition was a result of appellant's fault. The jury found against respondent on this issue. While testimony that respondent's injuries were permanent was admitted, yet some testimony tending to show some of the particulars of a chronic condition, as the result of the miscarriage, was excluded. This tended solely to add to the evidence of damage already in. The jury did not reach the question of damages at all. The ruling, in the circumstances of this case, was not prejudicial under authorities already cited.

**Miscarriage: Proximate Cause.**

VII. The petition specifically alleged certain physical injuries which were then alleged to have produced a miscarriage. In cross-examining a physician who had examined respondent under an agreement of the parties, respondent's counsel asked whether "shock, alone, without an injury, would produce a miscarriage"? On objection the witness was not allowed to answer. The "shock" thus referred to was termed a psychic shock. The physician had testified this was a mental state produced by certain conditions he described. No effort was made to show any such conditions existed in connection with respondent, and no offer to show what the witness would say in answer to the question or what the true answer to it was. In these circum-

**Psychic Shock.**

stances the ruling; excluding the answer was not erroneous.

VIII.   Instruction 10, given for appellant, told the jury not to assess any damages for "any bruised back or any bruises of the spinal column." The petition alleged plaintiff had received such bruises but there was no evidence tending to prove these allegations.   In fact, the testimony of respondent's physician showed no such bruises had been received.   There was no error in giving Instruction 10.

Instruction.

There was no error in the case which prejudiced respondent.   The order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and render judgment thereon.   All concur, except *Woodson, J.*, absent.