OWEN W. DEGAN and MARY GERTRUDE DEGAN
v. WILLIAM A. JEWELL, Appellant.

Division One, March 14, 1922.

1. **NEGLIGENCE: Death of Child: Humanitarian Doctrine.**   Where plaintiffs' three-year-old child was run over and killed by defendant's truck, while he was crossing a public street, and there was no other vehicle on the street and nothing to prevent the driver of the truck from seeing the child   . the street, and the driver admitted that he saw him at a point in the street which the evidence showed was forty feet from the place where he was struck, and the truck was going from ten to fifteen miles an hour and was stopped in eight feet when the brakes were applied, the evidence made a case for submission to the jury on the humanitarian doctrine.

2. ———: ———: **Measure of Damages: Instruction.**   The measure of damages in a suit by parents for the death of a minor child, caused by negligence, is the value of the child's services during his minority, and the burial and other expenses incurred by reason of his death or sickness, less the expense of his support and maintenance during his minority.   An instruction in such a suit was, therefore, erroneous, which told the jury that in estimating the damages they could only consider the amount which the deceased would have probably earned and accumulated by his own efforts and which would have gone to the benefit of his parents, taking into consideration all of his surroundings and the probabilities of his turning it over to his parents and working for their benefit, or not doing so, until he should have arrived at the age of twenty-one years.

3. ———: ———: ———: ———: **Harmless.**   Nor can said instruction be held to be harmless on the theory that it relates solely to the measure of damages and the jury found for defendant on plain-

tiff's cause of action. On the contrary, the instruction in legal effect told the jury to find for defendant, unless they found that the child would probably have earned money by his own efforts and voluntarily turned the same over to his parents.

Appeal from Buchanan Circuit Court.—*Hon. L. A. Vories,* Judge.

AFFIRMED.

*Randolph & Randolph* for appellant.

(1) It was error on the part of the lower court to grant plaintiff a new trial on the ground assigned by the court; that is, that the court erred in giving on behalf of the defendant Instruction 14. That is the instruction as to the measure of damages in the event they should find for the plaintiff. Where the verdict is for the defendant, an erroneous instruction of the measure of damages given for the defendant is harmless error and is not ground for a new trial. Ewalt v. Garnett, 180 Mo. App. 620; Ogle v. Sidwell, 167 Mo. App. 299; Feary v. St. Ry. Co., 162 Mo. 98; Mill Co. v. Caven, 76 Mo. App. 462; Mangelsdorf Co. v. Harnden Co., 132 Mo. App. 512. (2) At the close of the testimony on behalf of the plaintiff and at the close of all of the testimony, the defendant asked an instruction in the nature of a demurrer to the evidence, which instruction should have been given by the court for the reason that there was positively no evidence of any negligence on the part of the driver of defendant's automobile under the "last chance doctrine" to justify the submission of the case to the jury. Shanks v. Traction Co., 101 Mo. App. 702; Ries v. Transit Co., 179 Mo. 1. (3) If the court should differ with us on this point, then it having been purely a question for the jury under the instructions as to whether or not the defendant exercised the proper degree of care after seeing the boy, the court was in error in granting a new trial purely upon the ground that the instruction as to the measure of damages, given upon behalf of the defend-

293 Mo.—6

ant, was erroneous, because the jury never got to the question of considering the amount of damages, but simply considered the question of liability, and there was no error in any instruction given to the jury with reference to the question of liability.. (4) There was, however, no error in the giving of Instruction 14, as every element in that instruction enters into the estimation of damages in a case of this kind. Andrews v. Ry. Co., 86 Iowa, 677; Ry. Co. v. Henderson, 148 S. W. 822; Wabash R. Co. v. Smith, 162 Ill. 583; Ry. Co. v. Gilmore, 53 S. W 61; De Amado v. Friedman, 11 Ariz, 56.

*Mytton & Parkinson* for respondent.

(1) Under the last-clear-chance doctrine, upon which alone the case was submitted to the jury, the contributory negligence of the parents in permitting the child to be upon the street was no bar to a recovery or defense to the action. Czezewzke v. Ry. Co., 121 Mo. 201; Cornovski v. Transit Co.; 207 Mo. 263; Lynch v. St. Ry. Co., 112 Mo. 420; O'Flaherty v. Ry. Co,, 45 Mo. 70. (2) The verdict of the jury was against the evidence and the overwhelming weight of the evidence. (3) For the negligent killing of a minor child the parents are entitled to recover the pecuniary value to the parents of the child's services during his minority, less the expense to the parents for his support and maintenance during that time, and it is proper to take into consideration the value of the services which a child will render his parents apart from wages he may earn in the services of strangers and turn over to them. Kelley v. Higginsville, 185 Mo. App. 64; Leahy v. Davis, 121 Mo. 227; Hickman v. Ry. 22 Mo. App. 344; Marshall v. Mining Co., 119 Mo. 270. (4) The law presumes the life of a minor child to be of value to his parents because they are entitled to his services and are responsible for his support during minority. They are necessarily injured by a wrongful act resulting in the death of such minor child, which thereby deprives them of those services and casts upon them the burden

of legal liability for that support while deprived of the value of such services, enhanced by the additional expense of providing medicine, medical attention and nursing during illness and for funeral charges when he dies, to be measured by the experience and judgment of the jury enlightened only by knowledge of the age, sex and condition in life of the deceased. Parsons v. Ry. Co., 94 Mo. 296. (5) The court, having given for the plaintiffs their Instruction No. 7, erred in giving, in conflict therewith and derogatory thereof, defendant's Instruction No. 14.

JAMES T. BLAIR, J.—This is an appeal from an order granting a new trial after verdict for defendant in an action brought by respondents for damages for the death of their three year old son who was killed by appellant's truck.

Tenth Street, in St. Joseph, runs north and south. Corby runs east and west. At their intersection each is thirty feet between the curbs, and about fifty feet between the property lines. The truck was used for delivery purposes, and was being driven by an employee of appellant. It had stopped some distance north of the street intersection on the east side of Tenth Street, and then started south and crossed to the west side of Tenth, and continued on that side southward at the rate of ten to fifteen miles per hour. The child, just before it was struck, was standing on the sidewalk at the northeast corner of the street intersection. The testimony of the one eye-witness, other than the driver of the truck, tends to show that she had seen the child at the place stated; that she walked eastward a short distance and heard the rattling of boxes in the street; that she turned and looked just in time to see the child fall and the wheels of the truck pass over him; that when he fell the child was going southwestwardly, and had reached a point on Tenth about three feet west of the street car track, in the middle of Tenth, and about three feet south of the south property line of Corby Street. The evidence tends

to show that the sidewalks were ten feet wide. The distance the child traveled across the intersection to the point where he fell and was struck, according to the witness referred to, was about forty-seven feet, as a calculation from the distances given will show. It was necessary for him to pass over the part of the street between the northeast corner of the intersection and the point where the truck ran over him. There was no other vehicle on the street, and nothing to prevent the driver from seeing the child in the street. While he contradicts the other witness as to the point of collision, he does say he saw the boy in the middle of the street car track and running southwestwardly when the truck was near the northwest corner of the street intersection. This point is over forty feet north of the place at which the first witness says the truck struck the child. The truck must have been north of Corby Street when the child left the curb at the northeast corner of the intersection. At the championship speed of nine and three-fifths seconds for one hundred yards more than one and one-half seconds would be required to cover forty-seven feet. At the best rate of the average man about two and one-third seconds would be required. This three-year-old child could hardly have made it in less than twice this time. Four seconds before the boy was hit the truck was about sixteen feet north of the north curb line of Corby Street if it was running ten miles per hour, and about forty-five feet north of the same line if it was running fifteen miles per hour. The driver testified it was running ten to fifteen miles per hour. During this time and space the boy was in the street going toward the place where he was about to be run over. The truck was stopped in eight feet when the brakes were applied. There is countervailing evidence, but it is to be rejected in considering the contention that the case should not have been submitted to the jury.

The ground assigned by the trial court for granting a new trial was that an instruction given for appellant was erroneous. Appellant contends (1) the instruction

was not erroneous, or (2) at least not prejudicial, and that (3) no case was made by the evidence.

I. The evidence made a case for submission under the humanitarian doctrine. [Cornovski v. Transit Co., 207 Mo. l. c. 274, 275, and cases cited; Turnbow v. Dunham, 272 Mo. l. c. 63 et seq.; Spivack v. Bakery Co., 214 S. W. 166; Frankel v. Hudson, 271 Mo. l. c.

Humanitarian Rule. 503, 504.] In the cases cited by appellant [Shanks v. Traction Co., 101 Mo. App. 702; Ries v. Transit Co., 179 Mo. 1) to support a contrary view, the injured persons were adults. Shanks was deaf and was walking along the track ahead of the car, and the question was whether the motorman discovered his obliviousness of peril as soon as he should have done. Warnings were sounded. No heed was given them. The motorman did not know Shanks could not hear them. In the other case deceased had stepped from a place of safety to a place in front of a car of the approach of which he knew and was "immediately struck and killed." These decisions are not applicable to this case.

II. Instruction fourteen given for appellant reads thus: "The jury are instructed that if you should find for the plaintiffs in this case in estimating their damages you cannot take into consideration any sufferings by

Instruction. reason of the loss of the child, but only can consider the amount which the deceased would have probably earned and accumulated by his own efforts, and which would have gone to the benefit of his parents, taking into consideration all of his surroundings and the probabilities of his earning or not earning, and the probability of his turning it over to his parents and working for their benefit, or not doing so, until he should have arrived at the age of twenty-one years."

This instruction confines the damages the jury may allow for the death of respondents' son to money the child might have earned during his minority and voluntarily turned over to his parents. The measure of par-

ents' damages for the loss of a minor child is the value of the child's services during his minority, and burial and other expenses incurred by his death or sickness, less the expense of his support and maintenance during that time. [Leahy v. Davis, 121 Mo. l. c. 233; Meeker v. Union Elec. L. & P. Co., 216 S. W. 934.] This clearly includes other elements than were allowed by the instruction. The recovery for services is limited to their money value, but is not limited to the amount of money a child might earn "by his own efforts." and voluntarily turn over to his parents. [Kelly v. Higginsville, 185 Mo. App. l. c. 64.] The instruction was erroneous. It is suggested it should be upheld "as every element of that instruction enters into the estimation of damages in a case of this kind." The objection now made to the instruction is not that it contains too much, but that it excludes damages respondents were entitled to recover. Nothing appears from the decisions in other states cited in this connection which seems to warrant the belief that the rule of the instruction finds support in them.

The real insistence of appellant is that the instruction relates solely to the measure of damages and that since the jury found for defendant that error is harmless. Decisions are cited. In Ewalt v. Garnett the action was for damages for the killing of a dog. Error in an instruction "as to what the jury might take into consideration in estimating the value of the dog" was assigned. The court held the error, if any, was harmless because the jury had found for defendant on the issue of liability. That issue was made by a defense that the dog had been guilty of chasing or killing sheep and his life was forfeited under the statute upon that subject. It is not held that an instruction could be correct in that sort of a case which would permit a finding against plaintiff on the ground that no damages had been suffered if the jury found that only part of the damages for which recovery was allowable had been suffered. The court's statement of the question concerning the instruction it was considering excludes this idea. In Ogle v. Sidwell, 167 Mo.

App. 1. c. 302, 303, the instruction considered had refer-
ence to punitive damages, only. In Feary v. Street Ry.
Co., 162 Mo. 1. c. 98, the action was for injuries alleged
to have resulted from a street car collision. The right
to recover for loss of earnings depended upon the right
to recover for injuries received. Loss of earnings was
not the only element of damages claimed or shown. The
instruction, said to be erroneous, dealt only with loss
of earnings and had no tendency to authorize a finding
for defendant if loss of earnings was not found to have
occurred. In Eagle Mill Co. v. Caven, 76 Mo. App. 1. c.
462, the action was for damages for breach of contract.
The jury found there was no acceptance—and no con-
tract. The court held error in a measure-of-damages in-
struction to be harmless in the circumstances. There is
no intimation that the instruction excluded all damages
or permitted the jury to do so and find against plaintiff
on that account. In Mangelsdorf Bros. Co. v. Seed Co.,
132 Mo. App. 1. c. 512, 513, plaintiff sued on account. De-
fendant filed a counterclaim for damages for breach of
contract. The objection to the instruction was that the
measure of damages was incorrect. There is, again, no
suggestion that the court was approving an erroneous
instruction on the measure of damages which would au-
thorize a verdict for defendant because damages, as in-
correctly predicated, were not found. In the recent case
of Gricus v. United Rys. Co., 291 Mo. 582, will be found
an application of the doctrine. It does not support ap-
pellant's position. In Fraser v. California Street Co.,
146 Cal. 1. c. 717, 718, the rule is applied but the court
is careful to point out that the "verdict for defendant
must have been based on the ground that the injury to
plaintiff was the result of his own contributory negli-
gence and not on any ground that he had not suffered
injury, for the evidence without conflict shows that he
did suffer serious injury." The ruling in Schlaifer v.
St. Ry., 98 Neb. 207, rests on the same principle. It is
recognized in Oak Island Hotel v. Grove Co., 165 Mass.
1. c. 261; Telephone Co. v. Bank, 90 S. C. 1. c. 59.

The instruction in this case not only left out important elements of damages but expressly confined a possible recovery to the single item of money the child might have earned during his minority and might have voluntarily turned over to his parents. The parents are entitled to recover the money value of the services of their minor child, and the law presumes its life is of substantial value to them. [Parsons v. Railway, 94 Mo. l. c. 296.] This instruction, in legal effect, told the jury to find no damages, i. e. to find for defendant, unless they found that the child would probably have earned money "by his own efforts; and which would have gone to the benefit of his parents," and directed them to consider the probabilities of the child so earning money or not earning it, and the probabilities of his turning it over to his parents or not turning it over to them. This instruction authorized a finding for defendant if the jury found against the probability of the child earning money and paying it voluntarily to his parents, even though they might have found that other loss of services would occasion respondents substantial damages. The ruling of the trial court was right.

The order is affirmed and the cause remanded. All concur.